Citation Nr: 1334640 
Decision Date: 10/30/13 Archive Date: 11/06/13

DOCKET NO. 09-31 421 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Medical and Regional Office Center in Wichita, Kansas


THE ISSUE

Entitlement to an effective date prior to February 18, 1999 for the grant of service connection for post traumatic stress disorder (PTSD). 


REPRESENTATION

Appellant represented by: Kenneth G. Carpenter, Attorney


ATTORNEY FOR THE BOARD

M. Tenner, Counsel


INTRODUCTION

The Veteran served on active duty from November 1967 to March 1971. 

This case comes before the Board of Veterans' Appeals (Board) on appeal from a May 2008 decision rendered by the Wichita, Kansas Regional Office (RO) of the Department of Veterans Affairs (VA). In that decision, the RO granted service connection for PTSD and assigned an initial 70 percent disability rating, effective February 18, 1999. The Veteran disagreed with the effective date assigned. 

In May 2011, the Board issued a decision in which it denied an earlier effective date for PTSD. The Veteran appealed that determination to the United States Court of Appeals for Veterans Claims (Court). In an October 2012 Memorandum Decision, the Court vacated and remanded the Board's decision. 

The appeal is REMANDED to the Department of Veterans Affairs Regional Office (RO). VA will notify the appellant if further action is required.


REMAND

In the Memorandum Decision, the Court noted that the Veteran's claim to reopen service connection for PTSD was granted based on the receipt of additional unit history records. Given such, the Board was under the obligation to consider 38 C.F.R. § 3.156, which addresses how to handle claims to reopen where the new and material evidence consists of a supplemental report from the service department, to determine whether an earlier effective date was warranted. 

The Court found that the Board erred in applying the 2012 version of 38 C.F.R. § 3.156 in determining that an earlier effective date was not warranted. Rather, because the Veteran filed his application to reopen service connection in 1999, the Court found that it should have considered an earlier version of the regulation. That version is contained in the 2005 version of 38 C.F.R 3.156. 

In particular, the Court noted that 38 C.F.R. § 3.156(c) in effect prior to October 2006 authorized an effective date as early as the date of the original claim and up to the date of the claim to reopen. The Court cited to a recent precedential decision, stating that "application of the regulation requires a retroactive evaluation of the disability." 

The Court further stated that because 38 U.S.C.A. § 3.156(c) (2005) applies, "a retroactive evaluation of the disability is mandated." (emphasis added)

Given the unconditional mandate from the Court, the Board has no discretion but to remand this matter to the RO for a retrospective evaluation for the purposes of obtaining competent medical evidence as to when the Veteran first met the DSM-IV criteria for a diagnosis of PTSD. 

Accordingly, the case is REMANDED to the RO for the following action:

1. Contact the Veteran and his attorney and provide them an opportunity to submit any additional evidence showing that he had PTSD since the filing of his original application for service connection in January 1983. 

2. Thereafter, the Veteran should be afforded a VA psychiatric examination. The examiner must be advised that service connection is already in effect for PTSD and that the current PTSD disability has been etiologically linked to the Veteran's active duty service. In light of the Court's decision dated October 2012, which the examiner may read, the purpose of the examination is to provide an opinion as to when the Veteran first met the DSM-IV criteria for a diagnosis of PTSD. In providing the opinion, the examiner may consider the competent medical evidence as well as any credible lay evidence. Thus, after review of the relevant evidence, the examiner must respond to the following:


a) When did the Veteran's psychiatric symptoms first meet the DSM-IV diagnostic criteria for a diagnosis of PTSD? Please provide a rationale for the date chosen. A review of the Court's Order of October 2012 may assist the examiner in understanding the requirements of the examination in this case. 

b) If an opinion cannot be provided without resort to speculation, the reviewer should explain the inability to provide an opinion, identifying precisely what facts could not be determined. In particular, he/she should comment on whether an opinion could not be rendered because the limits of medical knowledge have been exhausted or whether additional information could be obtained that would lead to a conclusive opinion. See Jones v. Shinseki, 23 Vet. App. 382, 389 (2010). 

3. This is a complex case. The RO should ensure that the examiner report complies with this remand. If the report is insufficient, it should be returned to the examiner for necessary corrective action, as appropriate.

4. When the requested development has been completed the case should again be reviewed by the RO, to include consideration of any additional evidence submitted. In determining whether an earlier effective date is warranted, the RO must apply the 2005 version of 38 C.F.R. § 3.156. If the benefits sought are not granted the Veteran and his attorney should be furnished a Supplemental Statement of the Case, and be afforded a reasonable opportunity to respond before the record is returned to the Board for further review. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2012).



_________________________________________________
JOHN J. CROWLEY
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2012).